UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 13-mj-3034-JG

UNITED STATES OF AMERICA

vs.

OMAR THOMAS WALA,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  s/ William Leonard Athas
WILLIAM LEONARD ATHAS
Assistant U. S. Attorney
Florida Bar No. 0078247
11200 NW 20th Street
Miami, Florida 33172
Office: (305) 715-7643
Fax:    (305) 715-7639
william.athas@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| OMAR THOMAS WALA | ) Case No. 13-mj-3034-JG |
| | ) |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____February 11, 2013____ in the county of ____Broward____ in the ____Southern____ District of ____Florida____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | knowingly and intentionally possessed with the intent to distribute a narcotic controlled substance, 3,4- methylenedioxy-N-methamphetamine (MDMA, ecstasy) |

This criminal complaint is based on these facts:
(See Attached Affidavit)

☑ Continued on the attached sheet.

_____S/A Selent_____
Complainant's signature

____Special Agent Kevin Selent____
Printed name and title

Sworn to before me and signed in my presence.

Date: July 18 2013

_____
Judge's signature

City and state: ____Miami, Florida____    ____Jonathan Goodman, US Magistrate Judge____
Printed name and title

## AFFIDAVIT

Your Affiant, Kevin Selent, being duly sworn, deposes and states:

1. I am a Special Agent with the Homeland Security Investigations (HSI), having been so employed since April 2009. The HSI is a federal law enforcement agency authorized to conduct investigations pertaining to possible criminal violations of the federal narcotics statutes, to include Titles 18 and 21 of the United States Code. As an HSI Special Agent, I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7). I am empowered by law to conduct investigations of, and/or to make arrests for, offenses enumerated in Title 21, United States Code, Sections 841 and 952. I have received specialized training on the subject of narcotics trafficking from HSI and have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances. I have received specialized training in narcotics investigations and identification as well as the laws pertaining to search and seizure.

2. The following information is based upon my personal knowledge and information that has been provided to me by other law enforcement officers. Since this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included each and every fact known to me or other law enforcement officers concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that person committed a violation of Title 21, United States Code, Section 841, the unlawful manufacture, distribution, and possession of a narcotic controlled substance with the intent to distribute the narcotic controlled substance.

3. I have been assigned to investigate the activities of members of an organization who have been participating in an ongoing conspiracy to import multi-kilogram loads of

.narcotics from China into the United States for distribution.

4. Based on the information obtained from one or more confidential sources, I received information that a person by the name of Juan Carlos Garcia had multiple UPS Post Office Box accounts (P.O. Box) throughout Broward County. Based upon a review of UPS records, it was determined that Juan Carlos Garcia had received approximately 24 packages between January 2013 and July 2013. Based on the information obtained from one or more confidential sources, those packages contained narcotics. The packages were shipped to the UPS P.O. Boxes from China, Hong Kong and New York.

5. Through investigative techniques, I learned that Juan Carlos Garcia was in fact Jose Rafael Marte. A search of law enforcement data bases revealed that the Juan Carlos Garcia identity was not a true identity, and that the true identity of that person was, in fact, Marte. In addition, employees at several UPS locations identified the Florida Driver's license photograph of Marte, as the person that they knew to be Juan Carlos Garcia, who was the listed owner of a rented UPS P.O. Box at their location.

6. On the afternoon of July 11, 2013, law enforcement officers received information that a package had arrived at UPS store, #2881, 11110 West Oakland Park Boulevard, Sunrise, Florida 33351, for delivery to P.O. Box 295 registered in the name of Juan Carlos Garcia. Based on the information obtained from one or more confidential sources, and the prior pattern of deliveries, law enforcement officers believed the package contained controlled substances, narcotics.

7. Law enforcement officers responded to the UPS location and observed Marte enter the location and take possession of a package. Law enforcement officers approached Marte after he exited the UPS location as Marte was approaching his vehicle parked near the UPS

.location. As a law enforcement officer approached Marte, the law enforcement officer observed a silver Honda CRV parked near Marte's vehicle which was being driven by OMAR THOMAS WALA. WALA clearly observed the law enforcement officer approach Marte. The law enforcement officer instructed OMAR THOMAS WALA to stop the vehicle. OMAR THOMAS WALA initially stopped his vehicle then sped out of the parking lot. Law enforcement officers attempted to locate OMAR THOMAS WALA after he fled the parking lot but were unsuccessful.

8. Meanwhile the law enforcement officers identified themselves as law enforcement and Marte immediately began cooperating with the law enforcement officers. Marte gave verbal and written consent for the law enforcement officers to search his vehicle, his cellular telephone, his person and the package which Marte had retrieved from UPS.

9. Pursuant to the written consent, law enforcement officers examined Marte's cellular telephone. Marte had a series of text communications with OMAR THOMAS WALA, who was listed in Marte's telephone as "OMAR". A review of the text communications between Marte and OMAR THOMAS WALA revealed that on July 9, 2013, OMAR THOMAS WALA informed Marte that they would have "work" to perform on Thursday (July 11, 2013). On July 10, 2013, OMAR THOMAS WALA confirmed via text communication that they would again have "work" on Thursday (July 11, 2013). On July 11, 2013, there was an additional series of text communications between Marte and OMAR THOMAS WALA discussing the delays and/or difficulties in retrieving the package from UPS. During the text communications on July 11, 2013, OMAR THOMAS WALA confirmed that he was in the vicinity of the UPS location and that he would meet Marte near the UPS location.

10. In addition, prior to conducting a search of Marte's vehicle or the package, a

.narcotics canine, Thor, alerted to the presence of narcotics in the package and in the trunk of the vehicle registered to Marte, a Honda Civic.

11. A search of the package revealed approximately 10 kilograms of a white rock like substance. A subsequent search of the trunk of Marte's vehicle revealed approximately 1 additional kilogram of the same white rock like substance packaged in the same manner as the 10 kilograms. A field test was conducted on the 1 kilogram of narcotics obtained from the trunk of Marte's vehicle and a positive alert from presence of 3,4- methylenedioxy-N-methamphetamine (MDMA, ecstasy) was obtained.

12. Meanwhile, law enforcement officers established surveillance at the residence of OMAR THOMAS WALA and the residence of the girlfriend of OMAR THOMAS WALA. Both residences were located approximately a mile apart. OMAR THOMAS WALA was located at the residence of his girlfriend at 16025 SW 66th Terrace, Miami, Florida 33185.

13. Law enforcement officers approached OMAR THOMAS WALA and asked to speak with him. OMAR THOMAS WALA acknowledged that he had seen the law enforcement officers at the UPS location and that he fled because he was nervous. Subsequent to consultation with an attorney, OMAR THOMAS WALA agreed to communicate with law enforcement officers. OMAR THOMAS WALA provided verbal and written consent to a search of a white Porche Panamera vehicle registered to OMAR THOMAS WALA but was at the residence at16025 SW 66th Terrace, Miami, Florida 33185. During the search law enforcement officers located a black gym bag containing approximately $149,700.00. OMAR THOMAS WALA stated that he was providing the monies to his girlfriend prior to his intention to flee the area to avoid law enforcement.

14. During a subsequent interview, OMAR THOMAS WALA acknowledged that he

had been involved in arranging the delivery to Miami of the approximately 11 kilograms of narcotics which were seized at the UPS location.

15.  Based upon the foregoing, your affiant submits that there is probable cause to believe that on or about July 11, 2013, in Broward County, in the Southern District of Florida, and elsewhere, OMAR THOMAS WALA, did unlawfully possess with the intent to distribute a narcotics controlled substance, in violation of Title 21, United States Code, Sections 841(b).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Kevin Selent, Special Agent
Homeland Security Investigations

Sworn and subscribed to before me this 18th day of July, 2013.

_____
HONORABLE JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE